Number 08-1977, Mr. Cedrone and Ms. Hanson. Good morning, sir. May it please the court. Oh, I'm sorry. I'd like to reserve four minutes. That's fine. May it please the court. My name is Mark Cedrone and I represent Appellant Andrew Yao in this matter. This matter presents, I think by all accounts, a relatively novel issue, one that I think everyone agrees is open in this circuit, and frankly what I consider to be a relatively simple issue, and that is whether or not in instructing a jury concerning the mental element in 18 U.S.C. section 152a, the court is required to direct the jury to consider that the defendant intended to lie with some bankruptcy objective in mind. Now, the court, 152... I'm sorry, 152-2, sir. I'm sorry. Did I say that? For a violation, you have five elements. It's a bankruptcy proceeding. Yes, sir. The statement was made in connection with that proceeding. The statement concerned a fact material to the bankruptcy proceeding. The statement was false and the statement was made knowingly and fraudulently. Now, here you have a bankruptcy proceeding and it was a deposition in connection with... Yes, sir. Was it at the hearing of the U.S. trustee? The U.S. trustee was present at the hearing. The deposition was actually being taken by one of the counsel for one of the primary creditors. I think he was head of the creditors committee. And this particular statement was made in connection with what the attempted to discover were assets had gone. Is that correct? I believe so, sir. Yes. So that would be in connection with the bankruptcy. If the substantial amount of assets were dissipated or you would argue not dissipated, that would be material. If the statement apparently was false, he concedes that. Yes, sir. So then the question is, was the statement made knowingly? I guess he concedes that because he said it was false. Yes, sir. And then fraudulently. So the question that you have then with regard to the two, I guess there's really two instructions. One is the elements of the crime and two is what is materiality. Is that correct? Your Honor, I believe that the district court properly instructed on the issue of materiality. And frankly, I believe that the discussion of materiality in this context confuses what is really the narrow issue, and that is really whether the court properly instructed the jury concerning the definition of fraudulently as required to be defined under Section 152.2, what's commonly called the bankruptcy fraud statute. The district court basically followed the government's request based on a Seventh Circuit opinion, United States v. Galeen. Galeen. The defendant, through his trial counsel, essentially modeled a jury instruction which appeared to be based or was based on an interpretation of what appellant believed was the requirements of this court, which coincidentally after this matter was over before the district court while this was proceeding through this court, actually issued model jury instructions admittedly for a different section of 152, but which we have argued is instructive. But the court's general instruction on this last element, the fifth element, knowingly and fraudulently, it says that the defendant made such statement knowingly and fraudulently with the intent to deceive the trustee, the creditors, the bankruptcy court, or any other person or entity. And then defines fraudulently, a statement is fraudulent if it is falsely made or made with reckless indifference to its truth or falsity and made or caused with an intent to deceive. And you're saying what's wrong with that? What's wrong with that is the inclusion of the catch-all or any other person. Because what it does is it takes what should be an intent limited to a bankruptcy purpose to include anything. Mr. Yao, the appellant in this case, defended the case on a theory that yes, I lied, and yes, I intended to deceive people. I intended to deceive my wife of the misrepresentations. I intended to deceive mostly his wife concerning this affair that he was having. He disavowed having any thought about a bankruptcy purpose at all. But later what happened was they asked this question, does it matter why the defendant intended to deceive? I'm not quite sure because it doesn't say, does it matter who the defendant intended to deceive? It says, does it matter why? Perhaps it's saying the same thing in a different way. Then the jury essentially went back and said, no, we can get through this. The court basically did what? It re-read the instruction? It re-read the original instruction, which we contend was flawed by the inclusion of the word or any other person at the end of it, thereby creating a more general intention than is required, at least in our view, under the jurisprudence of this court with respect to Section 152 cases. I'm a little uncomfortable discussing or I shouldn't say I'm uncomfortable. I find it awkward to be here discussing what I think is the lead case that deals with the jurisprudence of Section 152 cases, that being the Zerba case, when the author of that case is sitting on the panel today. She remembers every word of it. I'm certain she does, Your Honor. Yes, I recite it every night before I go to bed. It puts me to sleep. In any event, sir, I think, and again, this is why I say this is a relatively simple, straightforward case, because what we have here is an unanswered question as to what is required under the appropriate statute. I believe that this court, in two different contexts, in the context of interpreting another subsection of the statute, both that being subsection 1 of the statute, interpreting it on two occasions, one in the Thayer case and, secondly, in creating its model jury instructions, seemed to focus in on a specific bankruptcy purpose being required as part of the intent element. In addition, this court in Zerba, in interpreting subsection 6 of the statute, again refocused in on a specific bankruptcy purpose. The language of the manifestation of the intent, whether it's an intent to defraud or an intent to deceive, frankly, it seems like this court in the model jury instructions has put its arms around that and basically said that fraudulently in the context of 152 is an intent to defraud, which means an intent to deceive, and then we get into this other question of whether it has to be limited to a bankruptcy purpose. The government argues that there are significant differences in the language of each subsection, but interestingly, the Galeen case does not deal with section 152-2. It deals with 152-2. Zerba dealt with bribery provision of 152, right? Yes, it dealt with subsection 6. This case here is 152-2. Which is a false statement. Zerba dealt with knowingly. Well, Your Honor, it did and it didn't. I mean, yes, it did deal with the definition of knowing and whether or not the specific narrow question in Zerba was whether, and again, Your Honor knows better than I, but whether a good faith instruction was required. And that went to the issue of knowing. But what's interesting about Zerba is that the author of that opinion in a point of enlightenment in deciding that there was no requirement for a good faith instruction specifically referenced the fraudulent intent instructions. Specifically at page 1262 of that opinion, the court states, we conclude in light of the elements making up the offense of bankruptcy fraud, particularly the element of intent to defraud the creditors or trustee of the bankruptcy estate, that a defendant's good faith belief in the lawfulness of his conduct is not a defense. So in throwing out the question or addressing the question of good faith defense, the court specifically said, no, none required here because of the way we particulate the instructions that we specifically require in the context of a bankruptcy fraud case. In this instance, whatever particular subsection was at issue, which I believe was 152.6. And the issue was in making his statement in connection with the bankruptcy court in the proceeding, did he do it knowingly? And there's no question here about knowingly. That is correct. There is no question about knowingly here. And, again, I've never suggested that Zerba is. No question about knowingly. No question about being a fault. I mean, 152. Knowingly, he concedes. Yes. Fraudulently, I assume, although he thinks that he should have maybe used the word fraudulently as opposed to deceive, nonetheless, I think he concedes that. No, Your Honor. He does not concede that fraudulently. All right. Makes a false oath. Concedes that on account of or in relation to any case under Title 11. Why does it make a difference as to who it is that you deceive? Because, Your Honor, this Court's precedent seems to suggest that. The bankruptcy fraud statute is very narrow. The government chose to charge under this statute. It could have charged under a series of other statutes. For example, the trustee was involved in this. It could have charged full statement charges. When the government picks or chooses a particular statute, and a particular statute has a narrowly defined purpose, and that has to do with affecting the impact of the bankruptcy, and this Court has said on prior occasions that the bankruptcy that this statute requires, the Court requires the consideration of the object of the deception to be something that has to do with the bankruptcy by including a general caveat, the bankruptcy, the estate, the creditors, or anybody else, it seems to me that we've vitiated that requirement of specificity. The question really is, and this is for Your Honor, for the panel to decide, is whether that question of specificity is required or that specificity is required. Judge Alicorn has a question. Counsel, am I correct that in a conference as to the instructions that should be submitted, there was a discussion about this particular instruction, and the Court then said, well, suppose I add this language, the language you're objecting to here, and the trial lawyer was asked by the Court, do you object? And there was no objection. Your Honor, that is close but doesn't accurately recount the record, and if I could, please help me, it's found at page A223 and 224. To put this in context, and I see that I'm way over my time limit, but I'll certainly answer the question. As the former Chief Judge Becker used to say, you're on our time. I see. To put this in context, if the Court looks at, first of all, what's interesting about this case is that there was almost as much discussion time-wise about jury instructions as there was trying the case. I mean, the amount of time discussing jury instructions, in my view, confused the situation tremendously. But if you go back, and the first thing you need to do is to look at the proposals of the parties. The government suggested this very terse jury instruction. Trial counsel wanted some specificity concerning the bankruptcy provisions. The Court said, fine, I'm going to give you the specificity with the bankruptcy provisions, and the government said, no, no, no, that's too specific. We don't want that. Then the Court said, okay, I'll add this other chart, this language of or anybody else. It was a compromise. The defendant's counsel never agreed to it. In fact, what he says here, and I'm citing from page A223 of the record, the Court says, or another, referring to, I'm going to add this language, or another. Would you object to that, Mr. McMonagle? These are not the only components of the bankruptcy system. I think is what the government is saying. That can suffer as a result of a knowingly and fraudulently made statement. Mr. Monaco, Mr. McMonagle, trial counsel doesn't say, I agree. He says, I understand the Court's suggestion. I don't think that could be viewed as, especially when you look at later, when he is at the very end of the case. So he says, I understand. Did he say, I object? He did not say, I object, sir. And that was my question of you. Was there an objection by trial counsel? In actually saying, do I object? No. However, I believe that when one submits a jury instruction and the Court says, I'm going to give this one, it's not required to specifically say, I object. Usually what's said is, for the record, I object, Your Honor. That's the way of telling the Court, okay, fine, I just want to go on, but I just want to note it for the record. It didn't happen here. Yes, sir. And then I guess that just gets to the other issue of, in any event, whether it's plain error review or any other standard review, if the jury was instructed entirely and properly on a critical element of the offense, substantial rights are affected. So what I failed to mention earlier is, under my view, it doesn't matter what standard review is applied. I believe that it nonetheless is plain error review.  Thank you, sir. Ms. Hanson. Good morning, Your Honor. Shannon Hanson on behalf of the government. I'm the appellee here. The sole issue, Your Honor, was correct before this Court, is the proper jury instruction for the term fraudulently, as used in the fifth element of Title 18, United States Code, Section 152.2. The defendant has conceded in his papers that the specific intent to deceive or cheat is the appropriate legal instruction for fraudulently, specifically at Appendix 11, 19, and 21. Why did the Court add the words, or any other person or entity, into this general instruction on the fifth element? Your Honor, that was a... As I read the record and as I experienced it, it was a compromised position. How does that fit? When you look at the elements of 152.2, there is a bankruptcy proceeding. Statement was made in connection with that proceeding. It was material to the proceeding because it related to assets. Statement is concededly false. Statement was made knowingly, and they would argue it wasn't made fraudulently. I don't understand how you can fit, or any other person or entity. It doesn't seem to work. And maybe it's just sending us on the wrong path, because you're talking about that somehow... I can see from the judge's point of view, leaving those words in may make sense under 152.2 because, in effect, they're superfluous. Who cares? But when the jury comes back and says, does it matter why the defendant intended to deceive, it looks like the jury's a bit confused. Your Honor, the government would argue that the jury's question went, as Your Honor just stated, to why a question that is a why question, potentially a question as to motive, and not a who question. Potentially is a question, yeah. It may be who, I don't know. Mr. Yao, in the trial of this case, wanted, as counsel does now, this court to focus not on Section 152.2 and the requirements of that statute, but rather on the legal justification, the whys instead of the whos. The facts that the government proved at this trial are quite specific. The government proved that the defendant lied to Alan Gilbert, who was, as Your Honor correctly noted, counsel for a large creditor of the bankrupt estate, about how he spent corporate assets in a deposition designed to garner information about how those assets were spent. My guess is, what the jury is saying here, because it says, does it matter why the defendant intended to deceive? That is, does the intent have to be to commit bankruptcy fraud? That's fine so far, and obviously the intent has to be to commit bankruptcy fraud. Or can it be for some other reason? The other reason he gave was that he was trying to keep information from his family. If he really was trying to keep information from his family, can that be a reason for a conviction under 152.2? To me, that's my guess as to what they were asking. In response to Your Honor's question, yes. But the government also proved that he intended, as the defendant conceded on the witness stand, he intended to deceive Alan Gilbert with his lie. The reason that it is a violation of 152.2 is because all of the elements of the statute are met, irrespective of whom the defendant intended to deceive. The government proved that the defendant intended here to deceive the individual with whom he was speaking. That is to say, Alan Gilbert, the creditor's counsel, who was asking him questions at the deposition in connection with the adversary proceeding. His motive for that intentional falsehood... If he lied to Gilbert for the purpose of... Well, this was a deposition, right? This was at a deposition in an adversary proceeding, correct. And what he said was that he lied about the monies that were taken from the corporation, from the entity, because he didn't want to embarrass his family. At trial, he acknowledged, he conceded lying to Mr. Gilbert. At trial, there were a series of questions that were posed by Mr. Gilbert about the corporate assets and the disposition of them. And yes, Your Honor, he indicated that he lied because he did not want his wife to find out about his affair. But I think what's important here is to understand what he did and the substance of the lie. And if Your Honor is concerned about any limitations on the scope, the very broad scope, as Congress has enacted it, of 152-2, that broad scope of the statute is limited by materiality. Was it argued to the jury by one side that the intent was to deceive the lawyer who was trying to protect the creditors, and by the other side as a defense, no, no, he was lying to deceive his wife? Yes, Your Honor. And the jury found? And the jury found that the defendant had violated Section 152, subparagraph 2, the only statute that was at issue, by intending to deceive, as it was instructed, Alan Gilbert, who was a creditor of the bankruptcy. And that's what the jury found. So you're saying we must infer from the jury's verdict that they found that he was trying to deceive the attorney who was representing creditors? Actually, Your Honor, and if I can take a step back, please, that is one inference that you could draw from the jury's instruction. But even if one assumes that the jury believed the defendant's testimony on the stand, he has still violated Section 152-2. Why? Because he intentionally and knowingly lied to a lawyer of the bankruptcy creditor in the context of a deposition, it was a Rule 30b-6 deposition, in an adversary proceeding about a matter that is material to the bankruptcy. He admitted that he intended to deceive Alan Gilbert. The confusion that is in the record here is that he also, he wanted the jury to be thinking about his motive. What was his motive for so doing? What was his motive for intentionally deceiving Alan Gilbert? That's how you usually establish intent, isn't it? It is one of the ways in which intent is established, to be sure. And it certainly was argued by defense counsel that he had one singular motive. The government argued by contrast that the defendant was capable of having multiple motives, and in fact did. And under this statute, under a statute that Congress has specifically not limited, unlike six of the nine crimes that are set forth in 152, this statute is not limited to a misstatement to a particular act or actors within the bankruptcy, nor, unlike so many of the other subsections, is it limited to action specifically in the bankruptcy. It is rather in or in relation to the bankruptcy, language which this court in Bob v. Attorney General of the United States has found reflects congressional intent to criminalize a broad range of conduct. But your argument seems to be that this language was unnecessary, that it was added by the court, and counsel says that it was misleading to the jury. What's your answer to that? Let me take the second of those two points first. It was not misleading in any way to the jury for them to, for the fraudulent intent required to commit this crime to be defined as the intent to defraud the creditors, the bankruptcy court, the trustees, or any other person or entity. That is, and the reason it was not misleading is because it goes back to an intent to deceive, which the government maintains is sufficient here. If defense counsel and the appellate here is contending that it is misleading to the jury, it is only, again, in an attempt to confuse the issue of motive versus the issue of appropriate intent. The government maintains, did at trial, and does here above, that intent to deceive is sufficient, and thus, in answer to Your Honor's second question, yes, that language would have been superfluous in this jury instruction, but it was by no means language that was inappropriate for the district court to instruct the jury upon. Norm, what you're saying, as I understand you, is that the language is, the additional language, or any other person or entity is, in effect, a red herring because it doesn't make any difference who he's trying to deceive that's not one of the elements of 152.2, although it seems that we then, or people who come up with instructions, insert an object of the intent to deceive. The trustee, the creditors, the bankruptcy court. That all makes sense. Everybody understands that. I don't understand how any other person or entity could fit in. And you're saying, well, it wasn't confusing, but it looks like the jurors had some question about this particular instruction. Assuming that the word why means who, in their question to the court. I think that is, first of all, an assumption that Your Honor's making, that the question why means who. I think, rather, it may have meant, was the intent to defraud required versus the intent to deceive? Well, yeah, and I thought the same thing until I looked at the second part of that. That is, does the intent have to be to commit bankruptcy fraud? That supports what you're saying. Yes, Your Honor. Or can it be for some other reason? That is correct. That was what the jury requested. That was the jury's question. I do not believe, however, that that referred to confusion about who was being deceived, because the government proved, as the government was required to prove, that there was an intent to deceive. And in this case, the individual who was intended to be deceived was Alexander. Well, to bring it down to this case, if the intent was not to commit bankruptcy fraud, but rather the intent was to hide facts from my wife, then the question then becomes, well, is that bankruptcy fraud? If they believed him, if they believed Mr. Yao, that the intent was to conceal information from his family, they might then say, geez, I really wonder if that was bankruptcy fraud, assuming they found him credible. Respectfully, Your Honor, the question is not so much whether this was bankruptcy fraud, but whether this was a violation of 152.2. And I don't mean to draw to find a point there, but the issue is did the defendant, by his conduct, violate each of the elements that Your Honors will determine were required for this section? I've read off the elements twice, and it doesn't have who gets deceived, the trustee, the creditors, the bankruptcy court. And in point of fact, Your Honor, if I may, specifically doesn't. It doesn't because Congress certainly could have recognized, as it did, as I mentioned earlier, in six other subsections, it talks about the necessity of deceiving a particular group of people, individuals that are associated directly with the bankruptcy court. Here it does not. You don't want us writing an opinion that, in effect, in some other case were other facts that we can conceive of where somebody has no intent to deceive the trustee, the creditors, or the bankruptcy court, but rather some other intent. And then you're going to come in and say, well, the language is very broad. You can prosecute this under 152.2, even though that's not what was intended by 152.2. Well, two points there, Your Honor. I think if Your Honor talks about a case where the defense, where there is no intent to deceive someone in the bankruptcy, that is not the case that we have here. Because we do have- Yeah, you probably- We do have- It seems like what you're asking us to do is to write something saying that this is fine, but the consequences of this in another case could come back to haunt us. May I speak to materiality? Because I think materiality actually answers Your Honor's question and addresses specifically the limitation that Your Honor is concerned about. Because to the extent that materiality need be present, the statement at issue in Your Honor's hypothetical case would have to have actually influenced or be relied upon by the court, the trustee, or the creditors. I'm sorry, it didn't have to be actually relied upon by them, as long as it has the potential or capability to do so. It is one thing to talk about hypothetical cases where an individual didn't have the intent to commit bankruptcy fraud, to use Your Honor's language. However, in any case where any individual would be charged under 152.2, it's the government's obligation to prove up materiality. What is the materiality? That the statement have the potential or capability to influence or be relied upon the court, the trustee, or the creditors. Be the exceptionally rare case where you had an- if the case exists at all, where you had an individual that could satisfy- So if in the definition of materiality it specifically says it's not necessary that the statement have had influence, okay, that's what you're saying. You're saying that the addition of language at the end, back to the full circle, is a red herring, or any other person or entity. Yes, Your Honor. And the defendant's conviction should be upheld. Thank you very much. Thank you. Mr. Drum. A couple of brief points. It's impossible to tell whether the jury was asking about motive or intent, and as we know there is a very fine line between motive and intent. What we know here is that in defining two subsections of 152, this court has seemed to make- seems to have made it clear that the object of whatever action is at issue in that subsection has to be a bankruptcy-related object. It said it in the model instructions, it said it in Thayer, and it says it in Zurbach. The government is essentially asking this court to interpret identical language in a statute differently for each subsection. Each of the subsections in 152 requires knowing and fraudulent something, knowingly and fraudulently something, every one of them. The government is saying it's okay to have for fraudulently in the context of subsection 1 and subsection 6 to have a specific bankruptcy motive, but for subsection 2, no. That just doesn't make sense to me. We're talking about one statute with the same identical language, the same adverbs defining the conduct. Materiality, the government speaks of materiality as a substitute for intent. Materiality is the measure of the impact. No, it may relate to the jury's question as to why. In other words, was it material to the bankruptcy proceeding? You know, why he does it may make it material or not material to the bankruptcy proceeding. Well, if that's the case, then the government should have said we should re-instruct on materiality at this point. But the instruction that- I mean, I think Ms. Hansen's point is the instruction that was given, which apparently there was no objection to, was, among other things, it is not necessary that the statement actually have had that influence, that is of influencing the outcome of something. So it is not necessary that the statement actually have that influence or be relied on by the court, the trustee, or the creditors, so long as it has the potential to do so. Yes, sir. And I agree that that's an appropriate statement of the law of materiality. The problem is, as I said, it's the measure of what is intended and not necessarily what is intended. The defendant, as I interpret or read the interpretations of Section 152, an intendant has to manifest a specific intention. Let me answer it by example. If I go into court and say, in the context of everything else, and I say, I stole a dollar from the company in a multimillion-dollar case. I stole a dollar. I intended to steal the dollar, and I intended to lie about the stealing of that dollar. I certainly have now admitted to the element of fraudulently, as I define that element, because it would have something to do with a bankruptcy purpose, i.e., I would be intending to cheat the bankruptcy people or the creditors, the trustee, and so forth, the objects of the bank, or those who are concerned, of something related. The jury could still say, but that wasn't material because it was only a dollar. They are really different concepts, sir. And I think, Your Honor, Judge Ambrose has pointed out something very significant, and that is if you accept the government's position on this, the message to be sent, first of all, you're going to be saying, unless the court goes back and revisits its jury instructions and revisits Zurbach and Thayer, you're going to be saying, look, first of all, we have different standards of fraudulently in the same statute, and we have standards that can't really be applied. Thank you very much. Thank you, sir. I appreciate it. Thank you to both counsel for well-presented arguments. We'll take the matter under advisement and call the next case.